**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 29, 2018

LETTER TO COUNSEL

    RE:    *Class Produce Group, LLC v. Harleysville Worcester Insurance Company*,
             Civil No. SAG-16-3431

Dear Counsel:

This case has been referred to me, by consent of the parties, for all proceedings and the entry of judgment, in accordance with 28 U.S.C. § 636(c). [ECF No. 60]. I have reviewed the Defendant's Motion to Strike Plaintiff's Late Identification/Designation of Experts, Plaintiff's Opposition, and Defendant's Reply. [ECF Nos. 90, 93, 96]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Defendant's Motion to Strike will be DENIED.

As background, Plaintiff Class Produce Group, LLC ("CPG") filed this lawsuit against Defendant Harleysville Worcester Insurance Company ("Harleysville"), alleging that Harleysville failed to indemnify CPG pursuant to an insurance contract, and failed to pay CPG's insurance claim. [ECF No. 38]. Judge Hollander entered a Scheduling Order on May 16, 2018 ("Scheduling Order"), setting a deadline of August 17, 2018, for CPG to make disclosures in compliance with Federal Rule of Civil Procedure 26(a)(2). [ECF No. 62]. The Scheduling Order also set a deadline of September 14, 2018, for Harleysville to make its Rule 26(a)(2) disclosures. *Id.*

On July 2, 2018, Harleysville served CPG with Interrogatories and Requests for Production of Documents. [ECF No. 90-1 at 2]. After some discussion between counsel for CPG and Harleysville, CPG produced documents to Harleysville on August 24, and indicated that the remaining discovery responses would be served the following week, August 27-31, 2018. [ECF No. 74-2]. Without further response or discussion with CPG, Harleysville filed a Motion to Compel on September 6, 2018. [ECF No. 74]. On September 7, 2018, CPG served its Answers and Responses to Harleysville's Interrogatories and Requests for Production of Documents, identifying Mike Purtell ("Mr. Purtell") and Ken McLauchlan ("Mr. McLauchlan") as potential experts, and as fact witnesses. [ECF No. 90-2]. CPG also identified Craig Shannon ("Mr. Shannon") as a fact witness. *Id.* CPG's Answers included a brief statement of Mr. Shannon's, Mr. Purtell's, and Mr. McLauchlan's roles in the case, but CPG did not otherwise provide any written reports. *Id.*

On September 10, 2018, I held a telephonic conference discussing the scheduling concerns raised by Harleysville, including its concern that CPG had not timely filed its expert disclosures in compliance with Rule 26(a)(2). As a result of that conference, I entered an Amended Scheduling Order ("Amended Scheduling Order"), setting a new deadline of November 14, 2018, for Harleysville's Rule 26(a)(2) disclosures, and a new deadline of November 28, 2018, for CPG's rebuttal Rule 26(a)(2) disclosures. [ECF No. 79]. On September 14, 2018, CPG filed Rule 26(a)(2) disclosures with the Court. [ECF No. 80]. CPG identified as "fact witnesses" Mr. Purtell, Mr. McLauchlan, and Mr. Shannon, but CPG did not identify any witnesses as experts. *Id.*

A party must disclose to its adversary the identity of any witness it plans to call at trial for the presentation of evidence. Fed. R. Civ. P. 26(a)(2)(A). A witness that is retained solely to provide expert testimony must prepare and sign a detailed report that includes:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). This disclosure must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Further, "for an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

If a court finds that a party's expert disclosure was untimely, the court must then determine the appropriate sanction. Rule 37(c) provides that if a party fails to disclose a witness pursuant to Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). In addition to, or in place of automatic exclusion, Rule 37(c) also permits the court to "order payment of the reasonable expenses, including attorney's fees caused by the failure, inform the jury of the party's failure, and impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." *Id.*

Harleysville argues that CPG failed to timely disclose its experts pursuant to the requirements of Rule 26(a)(2). [ECF No. 90-1 at 5-6]. Harleysville's Motion, however, lacks merit because CPG has not designated any experts in this case. While CPG indicated in their Answers that Mr. McLauchlan and Mr. Purtell were potential experts, [ECF No. 90-2], CPG identified Mr. McLauchlan and Mr. Purtell only as fact witnesses, along with another fact

2

witness, Mr. Shannon, [ECF No. 80].  CPG's disclosure of these fact witnesses after the August 17, 2018 deadline for CPG's Rule 26(a)(2) disclosures does not warrant any exclusion of expert testimony.

As things stand, CPG will not be presenting any affirmative expert testimony at trial. The Amended Scheduling Order still permits Harleysville to identify expert witnesses, and if such experts are identified, CPG can identify rebuttal experts on or before **November 28, 2018**. *See* [ECF No. 79].  To the extent CPG intends to call Mr. McLauchlan, Mr. Purtell, Mr. Shannon, or anyone else as expert witnesses, it may only do so if the witnesses are appropriate rebuttal expert witnesses.  Identification of any rebuttal expert witnesses must comport with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court.

For the reasons discussed above, Defendant's Motion to Strike, [ECF No. 90], is DENIED.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge