UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 9, 2018

LETTER TO COUNSEL

RE: *Class Produce Group, LLC v. Harleysville Worcester Insurance Company*,
Civil No. SAG-16-3431

Dear Counsel:

This case has been referred to me, by consent of the parties, for all proceedings and the entry of judgment, in accordance with 28 U.S.C. § 636(c). [ECF 60]. Plaintiff Class Produce Group, LLC ("CPG") filed this lawsuit against Defendant Harleysville Worcester Insurance Company ("Harleysville"), alleging that Harleysville failed to indemnify CPG pursuant to an insurance contract, and failed to pay CPG's insurance claim. [ECF 38]. Presently pending is Harleysville's Motion for Sanctions or, in the Alternative, Motion to Compel CPG's Answers to Interrogatories and Request for Production of Documents. [ECF 74]. CPG opposed the Motion ("Opp."), and Harleysville filed a Reply ("Reply"). [ECF 86, 91]. Because CPG had produced discovery during the briefing of the original motion, following a Court Order [ECF 94], CPG filed another Response ("CPG's Response"), and Harleysville filed another Reply ("Harleysville's Second Reply"). [ECF 95, 98]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Harleysville's motion is GRANTED in part and DENIED in part.

## I. Background

Judge Hollander entered a scheduling order in this case on May 16, 2018, setting a deadline of September 14, 2018, for Harleysville to make disclosures in compliance with Federal Rule of Civil Procedure 26(a)(2). [ECF 62]. On July 2, 2018, Harleysville served CPG with Interrogatories and Requests for Production of Documents. [ECF 74-1]. On August 3, 2018, counsel for CPG requested an additional two weeks to respond to Harleysville's requests. [ECF 74-2]. Harleysville's counsel responded that he was willing to discuss the requested extension, but because CPG had pushed for an expedited schedule, Harleysville wanted to discuss moving other deadlines. *Id.* The parties did not discuss further extensions. Two weeks later, on August 16, 2018, Harleysville inquired about the status of CPG's Answers and Responses. *Id.* Counsel for CPG responded that the discovery responses would be submitted by the following week, August 20-24, 2018. *Id.* On August 24, 2018, CPG produced documents to Harleysville, and indicated that the remaining discovery responses would be submitted by the following week, August 27-31, 2018. *Id.* The 7,000 documents eventually produced by CPG were not

segregated, were missing several attachments, and required several days for Harleysville to download in readable form. [ECF 74 ¶ 8]. Without further response from or discussion with CPG, Harleysville filed the instant motion on September 6, 2018. [ECF 74]. On September 7, 2018, CPG served its Answers and Responses to Harleysville's Interrogatories and Requests for Production of Documents. [ECF 86-3]. On September 10, 2018, I held a telephonic conference to discuss the scheduling issues raised by Harleysville. As a result of that conference, I entered a revised scheduling order, setting a new deadline of November 14, 2018, for Harleysville to make its Rule 26(a)(2) disclosures. [ECF 79].

On October 4, 2018, Harleysville filed a Reply in support of the instant motion, raising several issues regarding the sufficiency of CPG's discovery responses, to which CPG had not yet had the opportunity to respond. [ECF 91]. As a result, on October 10, 2018, I directed CPG and Harleysville to meet and confer in an attempt to resolve the discovery dispute, pursuant to Local Rule 104.7. [ECF 94]. In the event that a meet and confer did not resolve the dispute, I directed the parties to brief their respective positions on the sufficiency of CPG's discovery responses.

Efforts to resolve the discovery dispute began before my October 10, 2018 Order. Harleysville contacted CPG regarding its deficient discovery responses on October 4, 2018, and CPG responded on October 5, 2018, providing several explanations for its discovery responses. [ECF 98-1]. As a result of my October 10, 2018 Order, CPG compiled a privilege log, supplemented its document production, including email communication, and provided supplementary interrogatory answers. *See* [ECF 95 at 4, 98-3, 98-5, 98-6]. The parties held a telephonic conference on October 12, 2018, to address the sufficiency of the updated discovery responses. [ECF 98-2]. On October 16, 2018, counsel for Harleysville sent a letter to CPG's counsel, memorializing the conference call between the parties. [ECF 98-2]. As a result of the parties' telephonic conference, Harleysville agreed to limit the scope of Interrogatories Nos. 7 and 8, and Requests for Production of Documents Nos. 18 and 20 to the "'Warehouse Sewer System' as claimed defined in the Interrogatories/Requests." *Id.* at 2. CPG also agreed to send copies of the produced documents that were inaccessible or password protected. *Id.* According to Harleysville, however, CPG "refused to segregate out responsive documents that would be produced at the company's facility" because the amount of documents would "fill a large U-Haul Truck." *Id.* at 2-3; [ECF 98-1 at 1]. Harleysville also objected to CPG's untimely privilege log, arguing that it was not sufficient under Federal Rule of Civil Procedure 26(b)(5), and that it did not provide the information required by Discovery Guideline 10(d). *Id.* at 4. Harleysville raised concerns over CPG's lack of produced emails and CPG's 16,000 documents already produced, which Harleysville contends "were not produced in any indexed fashion that relate to particular responses." *Id.* at 5.

The parties were unable to resolve the discovery dispute, and they briefed their respective positions on the sufficiency of CPG's discovery responses. [ECF 95, 98]. CPG supplemented its privilege log before Harleysville filed its Reply, adding a list of specific dates for the email communications it deemed subject to its claims of privilege. [ECF 98-4].

2

## II. Discussion

Harleysville now seeks sanctions against CPG in the form of a default judgment or an order deeming CPG's late responses and/or objections to be waived. In the alternative, Harleysville seeks an order compelling CPG to fully respond to the outstanding discovery requests, and requiring CPG to pay the attorneys' fees and expenses Harleysville incurred in preparing this Motion.

### A. Motion for Sanctions

Under Federal Rule of Civil Procedure 37(d)(1)(A)(ii), the Court may grant a motion for sanctions if a party fails to serve answers, objections, or a written response to properly served discovery requests. The motion must certify that "the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). When granting the motion, the Court has broad discretion to select any of the sanctions listed in Federal Rule 37(b)(2)(A), such as dismissal of the action or the rendering of a default judgment against the delinquent party. Instead of, or in addition to, these sanctions, the Court "must require the party failing to act, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

When determining which of the Rule 37 sanctions is appropriate, courts in the Fourth Circuit consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *S. States Rack and Fixture, Inc. v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (internal quotation marks omitted). The presence or absence of any one of these factors is not dispositive. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 533 (D. Md. 2010). "[A]s a general matter, defaults [should] be avoided and [] claims and defenses [should] be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citing *Tazco, Inc. v. Director, Office of Workers Comp. Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter.")); *Consol. Masonry & Fireproofing*, 383 F.2d 249, 251 (4th Cir. 1967) ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.").

I do not find the sanctions sought by Harleysville to be appropriate at this stage, in part because this is the first discovery dispute raised in this case, and because CPG served its Answers and Responses one day after the motion was filed. After application of the factors, I find that the email correspondence between the parties does not reflect bad faith on CPG's part, nor has Harleysville been prejudiced by CPG's delay. CPG's counsel submitted the requested

documents on August 24, 2018, within the time period CPG communicated to Harleysville's counsel. [ECF 74-2]. Although CPG submitted the remaining discovery Responses and Answers two weeks later, on September 7, 2018, CPG's counsel noted on August 24, 2018, that the responses would be forthcoming. *Id.* Moreover, Harleysville's scheduling concerns were addressed during the telephonic conference on September 10, 2018, after which I amended the scheduling order to allow ample time for both parties to meet their respective pretrial deadlines. Thus, I do not find that Harleysville suffered any prejudice in this delay. Accordingly, the drastic sanctions sought by Harleysville are not appropriate. However, the parties are reminded that a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985). Further failures to comply will be viewed in accordance with this warning.

### B. Motion to Compel

In the alternative, Harleysville requests that CPG be compelled to provide further responses to Harleysville's discovery requests. Specifically, Harleysville argues that CPG's Answers to Interrogatories Nos. 7 and 8, and Responses to Request for Production Nos. 4, 5, 6, 18, 20, and 24 are deficient. [ECF 91 at 6-7].

#### 1. Answers to Interrogatories Nos. 7, 8 and Request for Production of Documents Nos. 4, 5, 18, 20, 24

In response to Interrogatories Nos. 7 and 8, and Request Nos. 4, 5, 18, 20, and 24, CPG contended that each request was "overly broad, vague, and unduly burdensome." [ECF 91-2 at 6-9]. In its Supplements to Answers to Defendant's First Set of Interrogatories and its Supplements to Responses to Defendant's Requests for Production of Documents, CPG added further explanation for its "overly broad" designations to each discovery item in question. [ECF 98-5, 98-6].

It is well established that, "[o]bjections to discovery must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection." *Mezu v. Morgan State Univ.*, 269 F.R.D. 567, 573 (D. Md. 2010). *See also Lynn v. Monarchy Recovery Mgmt., Inc.*, 285 F.R.D. 350, 360 (D. Md. 2012); Fed. R. Civ. P. 34(b)(2)(b); Loc. R. 104.6 (D. Md. 2016). "The party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 498 (D. Md. 2000). CPG has not failed to particularize its objections, and its responses are not "plainly deficient." *Webb v. Green Tree Servicing LLC*, ELH-11-2105, 2012 WL 3139551, at *2 (D. Md. July 27, 2012).

However, Harleysville maintains that CPG's production of documents in response to Interrogatories Nos. 7 and 8, and Requests for Production of Documents Nos. 4, 5, 18, 20, and 24, are insufficient under Federal Rule of Civil Procedure 33(d) and 34(b)(2)(E). [ECF 98 at 3].

Harleysville contends that CPG "has generally referred to [the 16,000] undifferentiated documents by reference" in its discovery responses, and that CPG "has refused to segregate out responsive documents that would be produced at the company's facility." *Id.* at 3-4. CPG responds that "[t]he volume of documents required to fulfill [the discovery] request literally fills up an entire 'records room' in the warehouse." [ECF 95 at 8]. CPG also noted that, because Harleysville limited its discovery request, CPG "offered to accommodate this change in the discovery requests by giving Harleysville access to the record room and showing it the filing cabinets where it keeps all documents relating to the waste water treatment plant." *Id.* at 8-9.

### a. Scope of Document Production Pertaining to Interrogatories Nos. 7 & 8 and Requests for Production Nos. 18 & 20

Pursuant to the parties' October 12, 2018 phone call, Harleysville agreed to limit the scope of Interrogatories Nos. 7 and 8 and Requests for Production Nos. 18 and 20 to the "'Warehouse Sewer System' as claimed defined in the Interrogatories/Requests, that related to the Warehouse sewer system and its attendant equipment, eliminating the defined terms that [CPG] indicated were too broad to provide a reasonable response." [ECF 98-2 at 2]. Despite Harleysville's limiting the scope of the documents requested, CPG contends that the "volume of documents required to fulfill this request literally fills up an entire 'records room' in the warehouse." [ECF 95 at 8]. CPG offered to accommodate Harleysville's new, limited request by allowing Harleysville access to the record room "and showing it the file cabinets where it keeps all documents relating to the waste water treatment plant." *Id.* at 8-9.

Federal Rule of Civil Procedure 34(b)(2)(E) requires each party to "produce documents as they are kept in the usual course of business or . . . organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E). Additionally, Rule 33(d) provides,

> [i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records…, and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).

Here, CPG contends that it has complied with the discovery rules because it has produced the documents "as they are kept in the usual course," and has allowed Harleysville access to its record room so that Harleysville "can inspect and copy any document CPG has relating to the warehouse." [ECF 95 at 9]. CPG's efforts regarding the documents responsive to Harleysville's new, limited request comport with the requirements of Rule 34(b)(2)(E) and Rule 33(d). CPG

5

notes that, due to the voluminous nature of the documents requested, any effort by CPG to physically deliver these documents to Harleysville would be unduly burdensome. [ECF 95 at 8-9]. However, CPG has offered to give Harleysville access to its record room, to show Harleysville the file cabinets where it keeps all of the documents relating to the waste water treatment plant, and to explain its filing system. *Id.* at 9; [ECF 98-5 at 4]. CPG indicates that the documents sought are located in a record room with "hard copy documents in file cabinets…generally organized by subject matter, e.g. waste water treatment plant." [ECF 98-5 at 4]. Assuming that the records are as well-organized as CPG describes, I find that CPG's proposal is sufficient under the discovery rules, because CPG is accommodating Harleysville's discovery request by producing the documents "as they are kept in the usual course of business." *See* Fed. R. Civ. P. 34(b)(2)(E). Moreover, the burden of identifying these documents would be substantially the same for both Harleysville and CPG.

Therefore, given Harleysville's new, limited request, and CPG's offer to accommodate that new request, I do not find it necessary to compel production of the documents responsive to Interrogatories Nos. 7 and 8, and Request for Production Nos. 18 and 20. If, upon arrival at the storage location, the file cabinets are not clearly marked and/or the records relating to the warehouse sewer system are not segregated as represented by CPG, then the parties should meet and confer to coordinate the document production. If, after conferring, the parties are unable to resolve the dispute, Harleysville should submit a brief letter to the Court requesting that CPG complete the production by locating and copying responsive documents.

### b. CPG's Existing Document Production

Harleysville also objects to CPG's existing document production of over 16,000 documents, arguing that CPG "has generally referred to [the over 16,000] undifferentiated documents by reference" in its discovery responses, and that the documents "were not produced in any indexed fashion that relate to particular responses." [ECF 98 at 3]. CPG responds that "this was not a 'document dump,' but an organized document production responsive to all of Harleysville's requests." [ECF 95 at 6].

As noted above, Rule 34(b)(2)(E) requires a party responding to a request for production of documents to "produce documents as they are kept in the usual course of business or . . . organize and label them to correspond to the categories in the request," and Rule 33(d) requires a party responding to an interrogatory to "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *See* Fed. R. Civ. P. 33(d), 34(b)(2)(E). To satisfy Rule 33(d), a "document dump of thousands of documents will not suffice." *Minter v. Wells Fargo Bank, N.A.*, 286 F.R.D. 273, 278-79 (D. Md 2012) (citing *Graske v. Auto-Owners Ins. Co.*, 647 F. Supp. 2d 1105, 1108 (D. Neb. 2009) (production of 7,000 documents in 7 files not sufficient under Rule 33(d))).

CPG's existing document production does not comport with the Federal Rules. According to Harleysville, CPG's production of over 16,000 documents "were not produced in any indexed fashion that relate to particular responses." [ECF 98 at 3]. This is plainly deficient. *See Minter*, 286 F.R.D. at 278-79. CPG has not provided substantial justification for this

6

deficiency, beyond arguing that the production was not a "document dump." *See* [ECF 95 at 6]. However, CPG concedes that its production of documents was untimely due to the "broad nature" of Harleysville's request, "certain employees' vacation schedule[s]," and "communications between the parties." [ECF 95 at 6]. CPG also does not refute Harleysville's contention that some of the documents produced were inaccessible or password protected, which CPG agreed to supplement. *See* [ECF 98-2 at 2]. In sum, I find that CPG has not substantially justified the deficiency in its existing production. Accordingly, CPG must organize and label the existing documents produced to correspond to the respective categories of requests, **on or before December 10, 2018.**

### 2. Request for Production of Documents No. 6

CPG objected to Request No. 6, because the information sought was protected by the attorney-client privilege and/or work product doctrine. [ECF 91-2 at 7]. As a general matter, privileged information is not discoverable. *See* Fed. R. Civ. P. 26(b)(1). A party may withhold otherwise discoverable information by claiming privilege or work product protection. *Hake v. Carroll Cty.*, WDQ-13-1312, 2014 WL 3974173, at *9 (D. Md. Aug. 14, 2014). Federal Rule of Civil Procedure 26(b), however, provides that the withholding party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). The party disputing discovery may generally fulfill this obligation in the form of a privilege log. *Mezu*, 269 F.R.D. at 577. "A party simply cannot claim privilege and refuse to provide a privilege log; indeed, some courts have found that doing so results in waiver of the privilege." *Hake*, 2014 WL3974173, at *9 (citing *Anderson v. Caldwell Cty. Sheriff's Office*, 1:09cv423, 2011 WL 2414140, at *2 (W.D.N.C. June 10, 2011)).

In the instant case, CPG has provided Harleysville with a privilege log, as required by the Federal Rules of Civil Procedure. [ECF 98-3]. CPG supplemented its privilege log after Harleysville expressed its concern over the "insufficient" nature of CPG's first privilege log. [ECF 98-4]; *see* [ECF 98-2 at 4]. Harleysville again objects to CPG's supplemental privilege log because "[t]he log contains a number of names and dates, but is not in a form whereby the existence of specific documents can be determined." [ECF 98 at 6]. I find that CPG's supplemental privilege log is sufficient. CPG has provided a list of names of CPG employees and specific dates on which those CPG employees communicated with attorneys practicing in the law firm of Jiranek, P.A "regarding claims in this case, facts as they relate to the claims in this case, strategy for the case and theories of the case." [ECF 98-4]. Accordingly, CPG has fulfilled its obligation under Federal Rule of Civil Procedure 26(b)(5)(A). Although a typical privilege log contains the precise author and recipient of each email, along with a date and the general nature of the communication, in this case the fact that each email on the list was sent between CPG employees and the law firm representing CPG provides sufficient assurance of the privileged nature of the communications to render additional detail unnecessary.

### C. Attorneys' Fees

In light of CPG's deficient discovery responses, Harleysville asks that this Court award it the reasonable expenses and attorneys' fees it incurred in bringing this Motion. [ECF 74, 91]. With respect to attorneys' fees, Federal Rule of Civil Procedure 37 provides that, if a motion to compel:

> is granted--or if the . . . requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Moreover, if the motion is granted in part and denied in part, "the court *may* . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). However, a "court must not order [] payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified[.]" *Id.* "A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Proa v. NRT Mid Atl., Inc.*, 633 F. Supp. 2d 209, 213 (D. Md. 2009), *aff'd sub nom. Proa v. NRT Mid-Atl., Inc.*, 398 F. App'x 882 (4th Cir. 2010) (quoting *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. Appx. 586 (4th Cir. 2009)); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 365 (D. Md. 2012) ("Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery.") (citation and internal quotations omitted).

Here, because Harleysville's Motion to Compel will be granted in part, and because CPG provided additional discovery after the Motion was filed, the Court retains the discretion to "apportion the reasonable expenses" for Harleysville's Motion. *See* Fed. R. Civ. P. 37(a)(5)(C). As discussed above, CPG provided insufficient and untimely responses to several of Harleysville's discovery requests, and has not provided the Court with any substantial justification for the deficiencies. Thus, I find that an award of reasonable expenses and attorneys' fees incurred by Harleysville in filing this Motion may be appropriate.

However, Harleysville's request for an award will be adjudicated only after it files a supplement to this Motion, including an invoice reflecting the reasonable expenses and fees it incurred in filing this Motion. The fees sought should be adjusted to account for the unsuccessful motion for sanctions and the partial success of the Motion to Compel. The supplement shall be filed on or before **November 26, 2018**. CPG's counsel will then have an opportunity to submit an opposition to Harleysville's request for an award of fees, and/or to the amount requested, by **December 10, 2018.**

**Conclusion**

For the reasons discussed herein, Harleysville's Motion for Sanctions or, in the Alternative, Motion to Compel, ECF 74, is GRANTED in part and DENIED in part. CPG is

ordered to provide the requested discovery, as described above, on or before **December 10, 2018**.

Pursuant to this Court's Order of November 7, 2018, [ECF 101], which granted Harleysville's Request for a Telephonic Conference and stayed the Amended Scheduling Order, this Court hereby schedules a telephonic conference for **Thursday, November 15, 2018 at 3:30 p.m.**, to discuss modification of the Amended Scheduling Order in light of the decisions reached herein.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge