**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 4, 2019

LETTER TO COUNSEL

RE: *Class Produce Group, LLC v. Harleysville Worcester Insurance Company*,
Civil No. SAG-16-3431

Dear Counsel:

This case has been referred to me, by consent of the parties, for all proceedings and the entry of judgment, in accordance with 28 U.S.C. § 636(c). ECF 60. I have reviewed Plaintiff Class Produce Group, LLC's ("CPG") Motion for Reconsideration of this Court's November 5, 2018 Memorandum and Order, Defendant Harleysville Worcester Insurance Company's ("Harleysville") Opposition, and CPG's Reply. ECF 104, 105, 107. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, CPG's Motion for Reconsideration will be DENIED.

As background, CPG filed a Motion for Leave to File a Second Amended Complaint on September 25, 2018, seeking to "clarify its position with regard to CPG's obligations under the Lease to remediate, repair, and clean up any damage caused by its operations in it leased space." ECF 89-1 at 4. Harleysville opposed the Motion. ECF 92. On November 5, 2018, this Court issued an Order denying CPG's Motion ("the Order"), finding that, given the posture of the case and the nature of the proposed amendments, granting CPG leave to file a Second Amended Complaint would be prejudicial to Harleysville. ECF 100. On November 30, 2018, CPG filed its Motion for Reconsideration of the Order. ECF 104. Harleysville opposed CPG's motion, arguing that it was untimely. ECF 105. CPG filed a Reply, arguing that the motion was timely because it was filed pursuant to Federal Rules of Civil Procedure 59 and 60.

CPG argues that its motion is properly considered under Rules 59 and 60 because "the Court's Order could be construed as denying CPG's ability to continue the case under its claim for breach of contract by precluding the argument that the lease functions as Business Personal Property under the insurance policy." ECF 107 at 4. However, the Order was not a final judgment. The Order did not adjudicate any of the claims asserted by CPG in its First Amended Complaint, and thus was not ripe for appeal. *See* ECF 100. Therefore, CPG's motion is improperly styled as a motion to alter or amend under Rules 59 and 60. *See Alston v. Branch Banking & Trust Co.*, Case No. GJH-15-3100, 2017 WL 4124231, at * 3 (D. Md. Sept. 15, 2017) (explaining the inapplicability of Rules 59 and 60 to an order dismissing in part a plaintiff's claim because it was not a final judgment); *Letren v. Experian Info Solutions, Inc.*, No. 8:14-cv-03957-TDC, 2016 U.S.

Dist. LEXIS 189768, at *4 (D. Md. Aug. 1, 2016) ("Under the plain language of Rule 54, then, an order that resolves some but not all claims in a case . . . cannot be a 'judgment' because such an order is expressly one that the issuing court may revise 'at any time' before the entry of judgment on all the claims in the case.") (citing 28 U.S.C. § 1291). Instead, CPG's motion is a motion to reconsider, which, under Local Rule 105.10, "shall be filed with the Clerk not later than fourteen (14) days after entry of the order." Loc. R. 105.10 (D. Md. 2018).

Per the local rule, CPG had fourteen days from November 5, 2018 to seek reconsideration of the Order, but failed to do so until November 30, 2018. ECF 104; Loc. R. 105.10; *see Smith v McGraw*, Civil Action No. 10-cv-02310-AW, 2012 WL 603238, at *4 (D. Md. Feb. 23, 2012) (finding untimely Plaintiff's Motion for Reconsideration of the court's order denying Plaintiff's Motion for Leave to File a Third Amended Complaint because it was filed later than fourteen days after the entry of the order). CPG has provided no explanation for its late filing. Accordingly, CPG's motion must be denied as untimely.

Even if CPG's motion were timely, CPG has not established grounds for this Court to reconsider its Order. Under Local Rule 105.10, similar to the standard for relief under Federal Rule of Civil Procedure 59(e), "[a] motion for reconsideration is appropriate [1] to 'correct manifest errors of law or fact or [2] to present newly discovered evidence,' or [3] where there has been an intervening change in controlling law." *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), and *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). The grounds for reconsideration are purposefully narrow to prevent the motion from being used to "'ask the Court to rethink what the Court had already thought through–rightly or wrongly.'" *Potter*, 199 F.R.D. at 552 (quoting *Above the Belt*, 99 F.R.D. at 101). As Judge Grimm noted in *Wonasue v. University of Maryland Alumni Association*, "[t]hese 'rules of constraint . . . make sense when a district court is asked to reconsider its own order' because '[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court–not to mention its patience.'" Civil No. PWG-11-3657, 2013 WL 6178041, at *1 (D. Md. Nov. 22, 2013) (quoting *Pinney v. Nokia, Inc.*, 402 F.3d 430, 452-53 (4th Cir. 2005)) (dicta) (internal quotations omitted).

CPG does not suggest that any of the narrow grounds for reconsideration are met here. Instead, CPG reiterates its arguments from its Motion for Leave to File a Second Amended Complaint. ECF 104 at 3-7; ECF 107 at 7-12. CPG maintains that it "sought to clarify its obligation under the lease for the flooded warehouse," and that any proposed amendments would not prejudice Harleysville. *Id.* The Order already addressed CPG's arguments, and CPG has provided no basis, in law or fact, for me to reconsider that Order.

For the reasons discussed above, CPG's Motion for Reconsideration, ECF 104, is DENIED.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge